LEE CHOI CHUM (SPARK, The, v.). See Case No. 13,206.
LEE COUNTY (UNITED STATES v.). See Case No. 15,589.
LEE COUNTY (ROGERS v.). See Case No. 12,013.

## Case No. 8,205

### In re LEEDS.

[1 N. B. R. 521 (Quarto, 138); 1 25 Leg. Int. 140; 1 Am. Law T. Rep. Bankr. 78; 7 Am. Law Reg. (N. S.) 693; 6 Phila. 468; 15 Pittsb. Leg. J. 361.]

District Court, E. D. Pennsylvania. April 23, 1868.

ACT OF BANKRUPTCY—WARRANT TO CONFESS JUDGMENT—CONDITION OF BUSINESS — INTENTION OF WARRANT — SUSPENSION OF PAYMENT OF COMMERCIAL PAPER.

1. In deciding whether giving a warrant to confess judgment is an act of bankruptcy, the character of the alleged bankrupt's business may be taken into consideration; and where it appears that the purposes of the warrant of attorney may have been to enable the debtor to continue in business, and that there was no intention to defeat or delay the operation of the bankrupt law [of 1867 (14 Stat. 517)], it is not a sufficient ground for an adjudication of bankruptcy.

2. A suspension of payment of commercial paper for fourteen days is not, in the absence of fraud, an act of bankruptcy.

[Criticised in Baldwin v. Wilder. Case No. 806. Cited in Re Hercules Mut. Life Assur. Soc., Case No. 6,402.]

The alleged bankrupt [William Leeds] was a dealer in live stock. His business done through the bank, alone, had exceeded $500,000 per annum. His real estate, worth about $8,000, was incumbered to the amount of less than half its value. The alleged acts of bankruptcy were giving a warrant to confess judgment, and a suspension of payment of his commercial paper for fourteen days.

CADWALADER, District Judge. This case has been ably argued. The peculiar character of the business in which the alleged bankrupt was engaged must be principally considered. He had no such stock in trade as would be swept away through the necessary or ordinary effect of an execution upon a judgment under a warrant of attorney. His real estate was, moreover, of sufficient value to constitute an available partial security for such a judgment. The former course of his transactions also shows that the purpose of the warrant of attorney. which constitutes one of the alleged acts of bankruptcy, may probably have been to enable him to continue his business. The application of much of the evidence would, in an ordinary case, therefore, be different from its application to the case before me. After some hesitation I have concluded that there was neither such an intended preference, nor such an intent to defeat or delay the operation of the bankrupt law, as to make this warrant of attorney a sufficient ground for the adjudication asked. The other alleged act of bankruptcy is a suspension of payment of his commercial paper for a period of fourteen days. I am now required to decide whether, in the absence of any fraud, such a suspension is an act of bankruptcy. This question has, in some cases, been heretofore submitted to me without argument. The decisions in other districts had been that the suspension of payment of such paper, though not fraudulent, was, if continued for this period, an act of bankruptcy. I was not prepared to make definitely such a decision. In the cases which were thus submitted without argument, I followed the decisions in the other districts; but stated on the record in every case, that the adjudication was not to be considered as a precedent. In the case now before me the question has been argued. In the mean time the point has been decided by Judge Field, in the district of New Jersey (In re Jersey City Window Glass Co. [Case No. 7,292]), somewhat differently from the decisions in other districts to which I have referred. My opinion is, that the suspension of payment, unless fraudulent, is not an act of bankruptcy, and that in this case it does not appear to have been fraudulent. The petition is dismissed, but without costs.